UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

GAZI IBRAHIM ABU MEZER,

           Defendant.

--------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 97-CR-804-FB

*Appearances:*
*For the United States:*
DANA REHNQUIST
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

*For the Defendant:*
MICHAEL HUESTON
16 Court Street, Suite 1800
Brooklyn, New York 11241

**BLOCK, Senior District Judge:**

Gazi Ibrahim Abu Mezer is currently serving a life sentence for conspiring and threatening to use a weapon of mass destruction—a pipe bomb—in violation of 18 U.S.C. § 2332a. He is also serving a consecutive 30-year sentence for using and carrying the bomb in connection with those crimes, in violation of 18 U.S.C. § 924(c).

Abu Mezer's convictions and sentence were affirmed on direct appeal, *see United States v. Khalil*, 214 F.3d 111 (2d Cir 2000), and he has repeatedly and unsuccessfully sought post-conviction relief under 28 U.S.C. § 2255. However, the Second Circuit has recently granted him permission to file a successive § 2255

1

motion raising the claim that his § 2332a convictions do not supply a valid predicate for his § 924(c) conviction under *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 138 S. Ct. 2319 (2019).   For the following reasons, the Court agrees that § 2332a does not define a "crime of violence" required for a conviction under § 924(c), but, in its decision, declines to resentence Abu Mezer *de novo*.[1]

## I

Section 924(c) requires a consecutive term of imprisonment when a defendant uses of carries a firearm "during and in relation to any crime of violence or drug trafficking crime."  *Id.* § 924(c)(1)(A).[2]  A "crime of violence" is any felony that "(A) has as an element the use, attempted use, or threatened use of

---

[1]Abu Mezer raises several other claims in his successive motion.  Section 2255 places strict requirements on such motion.  As pertinent here, it requires a court of appeals to certify that a successive motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  Even if, as here, the court of appeals makes the necessary certification, the district court "*shall* dismiss any claim presented in a second of successive application . . . unless the applicant *shows* that the claim satisfies [AEDPA's] requirements."  *Savoca v. United States*, 21 F.4th 225, 230 (2d Cir. 2021) (quoting, with emphases and alterations, 28 U.S.C. § 2244(b)(4)), *vacated in part on other grounds*, 2022 WL 17256392 (2d Cir. 2022).

Abu Mezer's *Johnson/Davis* claim is the only claim that satisfies the requirements for a successive motion.  Therefore, the Court does not address his other claims, which were, in any event, raised and rejected in one or more of his prior § 2255 applications.

[2] A bomb qualifies as a firearm.  *See, e.g., United States v. Salameh*, 261 F.3d 271, 277 (2d Cir. 2001).

physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3). In *Davis,* the Supreme Court held that clause (B)—the so-called "residual clause"— was unconstitutionally vague. *See* 139 S. Ct. at 2336. Thus, a § 924(c) conviction must now be predicated on clause (A)—the so-called "force clause."

In deciding whether a crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," courts are to apply a categorical approach, and not a case-specific one. This approach "requires us to look at the elements and the nature of the offense of conviction, rather than to the particular facts relating to the petitioner's crime." *Davis*, 139 S. Ct. at 2328 (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004)); *see also United States v. Hill,* 890 F.3d 51, 56 (2d Cir. 2018) ("[T]he categorical approach requires us to consider the minimum conduct necessary for a conviction of the predicate offense . . . , and then to consider whether such conduct amounts to a crime of violence under § 924(c)(3)(A).").

Courts have spent the years since *Davis* assessing whether various crimes qualify as crimes of violence under the categorical approach and some general principles have emerged. For example, in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), the Second Circuit held that *Davis* foreclosed the argument that a

3

conspiracy to commit a crime of violence was necessarily a crime of violence. *See id.* at 129.  Thus, the government concedes that Abu Mezer's conviction for conspiring to use a weapon of mass destruction does not constitute a crime of violence supporting his § 924(c) conviction.

Instead, it relies solely on Abu Mezer's substantive § 2332a conviction.  As pertinent here, the statute makes it unlawful to "threaten[] . . . to use . . . a weapon of mass destruction . . . against any person or property within the United States." 18 U.S.C. § 2332a(a)(2).  A "weapon of mass destruction" is " any explosive, incendiary, or poison gas . . .  bomb[,]  grenade[,] rocket[,] missile[,] mine," or similar device.  *Id* § 2332a(c)(2) (incorporating by reference 18 U.S.C. § 921(a)(4)).

Presumably because the crime is not often charged as a predicate offense, no court has addressed whether threatening to use a weapon of mass destruction is a crime of violence.  Defendant therefore proposes an analogy to the federal arson statute, which punishes anyone who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce."  18 U.S.C. § 844(i).  Like § 2332a, the statute does not require that the properly belonging "to another," while a crime of violence must involve the use of force against "the person or property of another."  Noting this distinction, one circuit court has

4

remarked that a person who destroys their own property by fire would be guilty of

arson, but not a crime of violence under the force clause.  *See United States v.*

*Salas*, 889 F.3d 681, 684 (10th Cir. 2018).  Another has held that such a person

would not be guilty of a deportable "aggravated felony," the definition of which

includes a "crime of violence" provision identical to the force clause.  *See Jordison*

*v. Gonzales*, 501 F.3d 1134, 1135 (9th Cir. 2007).

The government argues that the analogy is not apt for several reasons.  First,

it points out that the defendant was indicted for threatening to use a pipe bomb

against *people*—specifically, "as many Jews as possible," Gov't's Mem. of Law at

13 (quoting trial testimony)—not property.  But the statute criminalizes actions

against both and, contrary to the government's suggestion, use of a bomb to injure

oneself is by no means impossible in a world that includes suicide bombers.  In any

event, the categorical approach forbids consideration of the particular facts of Abu

Mezer's crime.  *See Hill*, 890 F.3d at 55 ("[C]ourts look only to the statutory

definitions—*i.e.*, the elements—of the offense, and *not* to the particular underlying

facts." (internal quotation marks and alterations omitted); c*f. Salas*, 889 F.3d at 683

(disregarding fact that defendant was convicted of firebombing another person's

place of business).

Next, the government argues that harm to other people or property is

inherent in the concept of a "weapon of mass destruction."  It is true that § 2332a

5

uses that expression, which in common parlance certainly evokes widespread

death, injury and property destruction.  But the statute contains no such limitation.

On the contrary, its definition embraces grenades and mines, both of which could

easily be used to harm a single person, including only the perpetrator of the crime.

Finally, the government cites authority for the proposition that the

categorical approach "requires more than the application of legal imagination to

[the] . . . statute's language."  *Hill*, 890 F.3d at 56 (quoting, with alterations,

*Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).  Thus, "there must be 'a

realistic probability, not a theoretical possibility,' that the statute at issue could be

applied to conduct that does not constitute a crime of violence," and "[t]o show

that a particular reading of the statute is realistic, a defendant 'must at least point to

his own case or other cases in which the courts in fact did apply the statute in the

manner for which he argues."  *Id.* (quoting, with alterations, *Duenas-Alvarez*, 549

U.S. at 193)).

*Hill*, however, addressed an ambiguity as to whether the force required for

the predicate offense (Hobbs Act robbery) was synonymous with the force required

to qualify as a crime of violence.  *See id.* at 57-59.  Force was unquestionably an

element of both definitions.

Here, by contrast, the definition of crime of violence contains an element

that § 2332a lacks—namely, that the force be directed at the person or property *of*

6

*another*.  "[W]hen the state statute on its face reaches beyond the generic federal

definition, no legal imagination is necessary to find that the state statute is

overbroad."  *United States v. Thompson*, 961 F.3d 545, 554 (2d Cir. 2020)

(comparing New York and federal definitions of "controlled substance"); *Hylton v.*

*Sessions*, 897 F.3d 57, 63 (2d Cir. 2018) ("The realistic probability test is obviated

by the wording of the state statute, which on its face extends to conduct beyond the

definition of the corresponding federal offense.").

      If *Hill* did require a realistic probability analysis in this context, the Supreme

Court has repudiated it.  In *United States v. Taylor*, 142 S. Ct. 2015 (2022), it noted

that *Duenas-Alvarez* involved a comparison between state and federal laws, and

that "the respect due state courts as the final arbiters of state law in our federal

system" required consulting that state's caselaw to determine how it would

interpret its own laws.  *Id.* at 2025.  Furthermore, it validated the aforementioned

distinction between overlapping elements and different elements:

> [I]n *Duenas-Alvarez* the elements of the relevant state and federal
> offenses clearly overlapped and the only question the Court faced was
> whether state courts *also* "appl[ied] the statute in [a] special
> (nongeneric) manner."  Here, we do not reach that question because
> there is no overlap to begin with.  Attempted Hobbs Act robbery does
> not require proof of *any* of the elements § 924(c)(3)(A) demands.
> That ends the inquiry, and nothing in *Duenas-Alvarez* suggests
> otherwise.

*Id.* (quoting, with alterations, 549 U.S. at 193).

      In sum, a crime of violence requires that use of force against the person or

property *of another*.  Section 2332a lacks such an element.  Since the discrepancy appears on the face of the statutes, Abu Mezer is not required to show that any particular prosecution under § 2332a involved threatening to use a weapon of mass destruction against the defendant's own person or property.

Thus, neither Abu Mezer's conspiracy conviction nor his substantive § 2332a conviction is categorically a crime of violence.  Lacking a valid predicate, his § 924(c) conviction must be vacated.

## II

The Court must now decide whether to resentence Abu Mezer.  When a conviction is vacated on direct appeal, the "default rule" is that the district court must resentence the defendant de novo on the remaining counts.  *See United States v. Rigas*, 583 F.3d 108, 115 (2d Cir. 2009) (citing *United States v. Quintieri*, 306 F.3d 1217, 1227-28 (2d Cir. 2002)).  However, the Second Circuit recently held that the same rule does not apply to a vacatur resulting from a successful § 2255 motion.  *See United States v. Peña*, 55 F.4th 367 (2d Cir. 2022).  Rather, the statute's plain text "vests district courts with discretion to select the appropriate relief from a menu of options."  *Id*. at 372.  Having vacated a conviction, the district court may "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

Here, the Court exercises its discretion to "correct" Abu Mezer's sentence

rather than resentencing him.  As noted, a successive § 2255 motion is authorized

only in exceptional circumstances.  The only circumstance justifying Abu Mezer's

successive motion is the Supreme Court's decision to apply *Johnson* and *Davis*

retroactively to cases on collateral review.  The remedy should, in the Court's

view, be similarly limited.  Resentencing Abu Mezer on his § 2332a convictions—

the validly of which is beyond dispute—would raise all sorts of sentencing issues

going far beyond the implications of *Johnson* and *Davis* and, therefore, beyond the

proper scope of a successive § 2255 motion.  In any event, the seriousness of the

leads the Court to conclude that it would adhere to the original sentence.

### III

Accordingly, Abu Mezer's § 924(c) conviction and his 30-year sentence on

that conviction are both vacated.  The judgment of conviction and sentence

remains unchanged in all other respects.  Since the Court's decision not to

resentence Abu Mezer does not implicate a constitutional right, a certificate of

appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 9, 2023

9